**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4744**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HONORIO VALDEZ-ELIAS,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00064-TDS-1)

Submitted:  March 27, 2014          Decided:  April 16, 2014

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Honorio Valdez-Elias pled guilty to illegal reentry after removal as an aggravated felon, in violation of 18 U.S.C. § 1326(a), (b)(2) (2012). He received a sentence within the Guidelines range of eighty-five months' imprisonment. On appeal, Valdez-Elias contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012). We affirm.

In challenging the reasonableness of his sentence, Valdez-Elias contends that he presented mitigating evidence demonstrating a sentence above the low end of the Guidelines range set to run concurrently with his discharged state sentence would be greater than necessary. Specifically, Valdez-Elias presented evidence that he grew up in a poor home in Mexico; that he worked continuously since he came to the United States; his prior convictions were often linked to his alcohol dependence; and that his sixteen-level sentencing enhancement overstated the nature of his present offense. He also requested that the district court run his federal sentence concurrently to a discharged state sentence because he was not arraigned in federal court until a year after his indictment, at which time he had already served the state sentence. Valdez-Elias argued that, had he been arraigned on federal charges when the

2

indictment was filed, he could have argued for a concurrent sentence under U.S. Sentencing Guidelines Manual § 5G1.3 (2012).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If there is no significant procedural error, we examine the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 772 F.3d 583, 590 (4th Cir. 2013).

After a thorough review of the record, we conclude that the district court adequately considered Valdez-Elias's arguments for a mitigated sentence and weighed them in light of the 18 U.S.C. § 3553(a) factors. The district court ultimately concluded that Valdez-Elias's criminal history and propensity for violence and the need to protect the public warranted the sentence imposed. The court further rejected Valdez-Elias's request for imposition of a sentence concurrent to a discharged state sentence because Valdez-Elias had been in state custody for an unrelated offense. We conclude that Valdez-Elias has not presented sufficient grounds to disregard the presumption of reasonableness that attaches to the district court's within-Guidelines sentence.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED